McKinney, J.,
delivered the opinion of the Court.
This was an action of assumpsit upon a promissory note for $7,168.00, made by W. E. Barry, payable to the defendant, Sami. P. Walker, and by him indorsed to the plaintiff.
Among other matters of defence, was that of set-off. The evidence of set-off relied on by the defendant, was the following obligation, which had been transferred to, and was owned by defendant, prior to the institution of 'this suit: “Six months from date, or sooner if practicable, the Memphis and Little Rock Railroad Company promise to pay to the order of H. R. Austin, five thousand dollars, in the bonds of said company, at jpar; of equal character with any bonds issued by said company; to bear interest from the first day of January, 1867; in part payment of the award made on the 26th day of November, 1856, by the arbitrators to whom was referred the matters in controversy between said company and the assignees of the contract for the construction of said road.” Then follows a stipulation to the effect, that said bonds are not to be of the class of bonds which entitled the holders thereof to take the lands of the company, at three dollars per acre, or at the appraised value, in satisfaction of their bonds.
The plaintiff objected to the admission of said obligation, as evidence in support1 of the plea of set-off, but the objection was overruled. After it had been read to the jury, the plaintiff proposed to prove the market value of the description of bonds mentioned in said ob *469 ligation, and propounded a question to that effect to a witness on examination; but objection being made to the evidence proposed, the court refused to allow the question to be answered.
The court instructed the jury, in substance, that said obligation was competent and sufficient evidence to support the plea of set-off; and that the failure of the company to issue and deliver the bohds, according to the terms of the obligation, entitled the defendant to claim the full amount of the five thousand dollars, with interest thereon from the first day of January, 1851, as a set-off to the note sued on. The jury found accordingly.
An earnest and ingenious argument is made for the ■plaintiff in error, to show that both of the propositions ■asserted in the instructions to the jury, are erroneous.
The argument assumes, that the obligation for five thousand dollars in the bonds of the company, is not the proper subject of set off, because an action of debt could not be maintained thereon, for the reason that the value of the bonds is uncertain, and must be fixed by a jury on proof of their value in the market. In this reasoning we are unable to concur. If it were to be conceded that the value of the bonds is not the nominal amount stated in the obligation, but their market value, still, upon the authority of Moore v. Weir & Smith, 3 Sneed, 46, this would be no objection to the set-off; the law having established a rule by which the value may be ascertained and rendered certain.
But we dissent from the position, that the value of the bonds is uncertain. Upon the proper construction of the instrument, we think- the plaintiff is precluded *470 from insisting tbat tbe bonds should be estimated as of less value than that stated in the obligation. By the stipffation, the plaintiff — within a limited time — was bound to deliver, and the defendant to receive, five thousand dollars of the bonds of the company, not at the value at which they might be rated in the market, but “ at gar.” In the negotiations between the parties, the bonds were treated as being of their nominal value — five thousand dollars. To the plaintiff they were equivalent to that value, because their delivery was to extinguish a fixed indebtedness of the company to that amount. And to the defendant they were, prima facie, of equal value, because they were to bear interest at the legal rate until paid.
We think it clear, therefore, that in a cross-action against the company, founded on the obligation, for failing to deliver the bonds, the proper measure of damages would be their nominal value of five thousand dollars, with inrerest thereon; and the same rule must prevail where the claim is set up by way of set-off.
This conclusion is not in conflict with any recent determination of this Court of which we are aware. It results from the peculiar nature of the obligation in question, and is without an exact parallel in any of our own cases.
There is no error in the record.
Judgment affirmed.